**In re CM SYSTEMS, INC., Debtor.**

**Bankruptcy No. 86–1643–BKC–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

May 17, 1988.

Leo Meirose, St. Petersburg, Fla., for debtor.

Lyle Charles, Inc., Tampa, Fla., trustee for debtor.

C. Stephen Allen, Tampa, Fla., for trustee.

Michael P. Horan, Tampa, Fla., for Citicorp Indust. Credit, Inc.

## ORDER ON MOTION FOR PAYMENT OF ADMINISTRATIVE EXPENSE

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing with notice to all parties in interest upon a Motion for Payment of Administrative Expense filed by Citicorp Industrial Credit, Inc. (Citicorp), a creditor in the above-captioned Chapter 11 case. The Court has considered the Motion, together with the record and arguments of counsel and finds that the Motion should be granted for the following reasons.

It is undisputed that pre-petition CM Systems (Debtor), the Debtor in this Chapter 11 case, entered into a lease of three items of construction equipment in which Citicorp was the lessor by assignment. One week before the Debtor filed its Chapter 11 Petition, it subleased the equipment to a separate Chapter 11 Debtor, Terramar Mining Corporation (Terramar). It is without dispute that paragraph 15 of the lease stated that the Debtor would be in default if it assigned or sublet the equipment without the written consent of Citicorp. It is the contention of Citicorp that it never consented to the sublease of the equipment to Terramar.

Although it is unclear whether Terramar ever made any payments under the sublease to the Debtor, it is without dispute that no post-petition payment was ever made by Terramar or the Debtor to Citicorp. It further appears that three months after the Debtor filed its Chapter 11 petition, the Debtor filed a Motion to Reject this lease, but before an Order was entered on the Motion, on August 4, 1986 Citicorp filed a Motion seeking relief from the stay, and on September 22, 1986, an Order was entered granting Citicorp's Motion. Subsequently, Citicorp repossessed the equipment.

Based on the foregoing, it is the contention of Citicorp that it is entitled to the allowance of an administrative expense in the amount of $29,298.15 for the post-petition use of the leased equipment from April 26, 1986 to September 22, 1986 pursuant to § 503(b)(1)(A) of the Bankruptcy Code, which provides for the payment of administrative expenses for "the actual, necessary costs and expenses of preserving the estate."

Without doubt, a creditor is not entitled to an administrative claim where the Chapter 11 Debtor or Trustee has made no use at all of the leased equipment. *See, Broadcast Corporation of Georgia v. Broadfoot*, 54 B.R. 606 (Bkrtcy.N.D.Ga.1985), *aff'd* 789 F.2d 1530 (11th Cir.1986). In the case at hand, while it appears that the Debtor did not physically use the equipment to continue the operation of its business, this Court is satisfied that its lease of the equipment to Terramar was essentially a use of the equipment to generate funds for operating its business, and, therefore, the cost of leasing the equipment was an actual and necessary cost of preserving the estate.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Payment of Administrative Expense be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that Citicorp Industrial Credit, Inc. be, and the same is hereby, entitled to an administrative expense in the amount of $29,298.15 which shall be accorded a first

priority pursuant to § 507(a)(1) of the Bankruptcy Code.